IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSICA L. DOOLEY                                                              PLAINTIFF

v.                                    CIVIL NO. 21-cv-2181

KILOLO KIJAKAZI, Commissioner                                          DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Jessica L. Dooley, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.   Procedural Background

Plaintiff protectively filed her application for DIB on August 9, 2019. (Tr. 10). In her application, Plaintiff alleged disability beginning on January 20, 2019, due to: Hashimoto's disease, polycystic ovarian syndrome, fainting spells, myofascial pain syndrome, major weight loss, chronic swollen lymph nodes, anxiety, obsessive compulsive disorder, post-traumatic stress disorder, and bipolar disorder. (Tr. 10, 194). An administrative hearing was held on September 14, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 10, 35-76).

On December 15, 2020, the ALJ issued an unfavorable decision. (Tr. 7-34). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: chronic abdominal pain presumed to be muscular per Mayo clinic,

Hashimoto's thyroid disorder, depression, anxiety, obsessive-compulsive disorder, post-traumatic stress disorder, borderline personality disorder, varicose veins, headaches, and chronic fatigue. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13–15). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that the claimant must avoid hazards such as motor vehicles, ladders, ropes, scaffolds, moving mechanical parts, unprotected heights, deep water and open flames. She can perform work with simple, routine, repetitive tasks with few variables and little judgment required. Social interaction must be routine and brief, such as a grocery clerk.
> (Tr. 20–25).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform any of her past relevant work but would be able to perform the representative occupations of document preparer, addresser, and order clerk. (Tr. 25–27). The ALJ found Plaintiff was not disabled from January 20, 2019, through the date of her decision. (Tr. 27). Subsequently, Plaintiff filed this action. (ECF No. 1). This matter is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). Both parties have filed appeal briefs (ECF Nos. 13, 15), and the case is ready for decision.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but is enough that a reasonable mind could accept as adequate to support a conclusion. *Ponder v. Colvin*, 770 F.3d 1190, 1193-94 (8th Cir. 2014). The ALJ's decision must be affirmed if the record contains substantial evidence to

support it. *Edwards v. Barnhart*, 314 F.3d 964,966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F. 3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted for at least one year and that prevents her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423 (d)(3), 1382(3)(C).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing the claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given Plaintiff's age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final step is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R § 404.1520.  While the burden of production shifts to the Commissioner at step five, the burden of persuasion to prove disability and to demonstrate RFC

both remain with the claimant. *Stormo v. Barnhart*, 377 F. 3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").

### III. Discussion

Plaintiff raises the following issues on appeal: 1) Whether the ALJ failed to fully and fairly develop the record; 2) Whether the ALJ erred by failing to include or address Plaintiff's medically necessary hand-held assistive device for balance and ambulation; and 3) Whether the ALJ erred by failing to resolve direct conflicts between the ALJ's RFC assessment, VE testimony, and the Dictionary of Occupational titles. (ECF No. 13).

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Guilliams v. Barhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations arising from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In this case, the ALJ discounted the Plaintiff's subjective complaints, Plaintiff's treating physicians, and part of the state agency medical examiners opinions, leaving little for the ALJ to rely on beyond the medical records themselves. (Tr. 15–25). The non-examining state agency physicians rendered their opinions in September and December of 2019, a year before the end of the relevant time period. (Tr. 88, 105). The ALJ did find the state agency physician's opinions persuasive, but reduced the exertional level from their opinion of light to sedentary and added hazard limitations based upon Plaintiff's testimony that she suffered from fatigue and falls, leaving it unclear which part of their opinions were persuasive to the ALJ. (Tr. 25). While the ALJ made a gesture toward Plaintiff's instability with ambulation by reducing Plaintiff to sedentary work and adding hazard limitations, the ALJ does not acknowledge Plaintiff's need to use an assistive device, or why this was not included in the RFC findings.

Plaintiff was prescribed a walker by Dr. Thomas Cheyne in June of 2019 after reporting coccyx pain following several falls. (Tr. 666). At that visit, she was noted to have a normal gait but had tenderness in her lower back and Dr. Cheyne noted the X-rays indicated as likely a minimally displaced fracture of the distal sacrum and coccyx. The next month, Plaintiff was seen by Dr. Jody Bradshaw for pain in her hips, legs, lumbar spine, sacrum and coccyx, and was noted to be using a walker and to be very thin and frail. (Tr. 663). Plaintiff saw Dr. Bradshaw again on August 15, 2019, for severe pain in her back, hips, and legs with rapid weight loss, and was again noted to be frail and doing poorly. (Tr. 662). Plaintiff was seen on August 16, 2019, by Dr. Bryant Virden for a mental health visit and was noted to be using a walker for ambulation. (Tr. 660). She was seen on April 13, 2020, by APRN Jade Vinson for low back pain and she was noted to be using a walker to enter the clinic. (Tr. 701). Plaintiff began physical therapy in April of 2020, for low back pain with bilateral lower extremity radiculopathy and weakness, as well as

core weakness. (Tr. 930). Plaintiff arrived using a rolling walker and reported multiple recent falls. (Tr. 933). Plaintiff continued physical therapy 1-2 times per week and was noted to still be using a rolling walker on June 17, 2020. (Tr. 975-76). Plaintiff was discharged at this visit solely because her insurance allowed only 12 visits per year, and she continued to have falls due to pain, tingling, and numbness in her right lower extremity.

While an ALJ is under no specific duty to procure an RFC assessment from each treating physician, the ALJ must base her opinion on some medical evidence that addresses Plaintiff's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d at 1092; *See Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002) (court may remand for taking of further evidence where ALJ fails to develop record fully); and *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001) (reversible error for ALJ not to order consultative examination where such evaluation is necessary to make informed decision). Here, the ALJ found the state agency medical examiners persuasive, but not limited enough considering hearing testimony, and found all other medical opinion evidence to be unpersuasive. The ALJ did not make clear why Plaintiff's prescribed and long-term use of assistive devices for ambulation were not included in the RFC finding.

The Court believes remand is necessary for the ALJ to more fully consider Plaintiff's RFC. On remand, the ALJ is directed to obtain RFC assessments from the Plaintiff's treating physicians, allowing the treating physicians the opportunity to provide an explanation for the limitations assigned should the ALJ have questions. If those physicians are unwilling or otherwise unable to complete the RFC assessments, then the ALJ is directed to order a consultative examination, complete with a detailed RFC assessment of the Plaintiff's limitations. The ALJ should then reassess the Plaintiff's RFC, considering all of her impairments including

her need for an assistive device, and conduct a thorough step four and, if necessary, step five analysis.

### IV.   Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 3rd day of January 2023

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE